507 A.2d 878

Raymond M. Hartman, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Optometrical Examiners, Respondent.

Argued March 10, 1986, before President Judge CRUMLISH, JR., Judges ROGERS and BARRY, sitting as a panel of three.

*Nicholas H. Krayer,* for petitioner.

*Joyce McKeever,* Chief Counsel, Bureau of Professional and Occupational Affairs, with her, *Alexandra J. Matthews,* Counsel for State Board of Optometrical Examiners, and *David H. Phifer,* Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE ROGERS, April 7, 1986:

Raymond M. Hartman has filed a petition for review of an order of the State Board of Optometrical Examiners (Board) suspending his license to practice optometry for a period of three years. The Board, after a hearing, found that the petitioner engaged in the practice of optometry during a three-month period in which he was suspended from practice after proceedings in which he had been found to have used misleading, deceptive, and fraudulent advertising.

The petitioner argues that his due process rights were violated because the Board failed to serve him with a copy of the proposed report of the hearing examiner. The General Rules of Administrative Practice and Procedure at 1 Pa. Code §35.207 provide:

> All proposed reports shall be filed with the office of the agency, which shall serve copies thereof upon all parties and staff counsel, whose

appearances have been entered pursuant to §31.24 (relating to notice of appearance).

A purpose of this requirement is to afford litigants the opportunity to file exceptions as allowed at 1 Pa. Code §35.211, which provides in pertinent part that:

> Any participant desiring to appeal to the agency head shall, within 30 days after the service of the copy of a proposed report or such other time as may be fixed by the agency head, file exceptions to the proposed report or part thereof in a brief (designated 'brief on exceptions').

The petitioner filed no exceptions because he was not served with a copy of the report. In fact, the next thing the petitioner learned after his hearing was that the Board had considered the report, agreed with the hearing examiner's findings and conclusions establishing the petitioner's violation, but rejected the examiner's recommendation that the petitioner's license should be revoked, and substituted a three-year suspension.

The Board admits that it failed to serve a copy of the proposed report of the hearing examiner upon the petitioner but says that the error was harmless because there was nothing effective the petitioner could advance in his defense.

We have held that the right to file briefs in an administrative proceeding conferred by statute is a requirement of due process. *Bengal and Youngwood Pharmacy v. State Board of Pharmacy*, 2 Pa. Commonwealth Ct. 347, 279 A.2d 374 (1971). A rule or regulation of an administrative agency has the force and effect of law. Hence, the Board's failure to serve the proposed report as required by regulation was an abridgement of the petitioner's right to due process.

We vacate the final order of the board and remand the record so that the petitioner may file exceptions and

that the proceeding may continue from that point. Jurisdiction is relinquished.

ORDER

AND NOW, this 7th day of April, 1986, the order of the State Board of Optometrical Examiners is vacated; the record is remanded so that the petitioner may file exceptions and that the proceeding may continue from that point. Jurisdiction is relinquished.