556 A.2d 525

Paul P. Slawek, M.D., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Medical Education and Licensure, Respondent.

Argued March 7, 1989, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*F. Emmett Fitzpatrick, III, F. Emmett Fitzpatrick Law Offices,* for appellant.

*Joyce McKeever,* Chief Counsel, Bureau of Professional and Occupational Affairs, with her, *Kenneth E. Brody,* Counsel, *John F. Alcorn,* Counsel, State Board of Medicine, and *Velma A. Boozer,* Chief Counsel, Department of State.

OPINION BY JUDGE PALLADINO, March 29, 1989:

This case is before us pursuant to a per curiam order of the Pennsylvania Supreme Court stating "case remanded to Commonwealth Court for consideration on the merits."[1]

---

[1] This order was docketed November 15, 1988 at No. 52 E.D. Appeal Docket 1988.

Paul P. Slawek, M.D. (Petitioner) appealed to this court from an order of the State Board of Medical Education and Licensure (Board) revoking his license to practice medicine and surgery in Pennsylvania for not having malpractice insurance in violation of section 701 of the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended*, 40 P.S. §1301.701. The order required Petitioner to actively serve 3 months of the revocation. The remainder of the revocation was stayed subject to two conditions: (1) that Petitioner satisfy his professional liability insurance responsibilities in the future; and (2) that should Petitioner terminate his coverage or should it lapse, he notify the Board and the Medical Professional Liability Catastrophe Loss Fund within three days. Petitioner contended that the Board abused its discretion in revoking his license. This court held that we could not consider this issue because Petitioner had waived the issue by failing to comply with 1 Pa. Code §35.213 (failure to file exceptions to a proposed report constitutes a waiver of all objections to the report). *Slawek v. State Board of Medical Education and Licensure (Slawek I)*, 108 Pa. Commonwealth Ct. 77, 528 A.2d 1075 (1987). Petitioner filed a petition for allowance of appeal of this court's order with the Pennsylvania Supreme Court. The petition was granted, and subsequently, the Supreme Court remanded the case for us to consider the merits.[2] The issue we must decide is whether the Board abused its discretion in this case.

Petitioner contends that the Board abused its discretion and that this court should reverse the Board's order revoking his license to practice medicine. Petitioner,

---

[2] The Pennsylvania Supreme Court's order *did not* reverse this court's decision in *Slawek I*. Therefore, we consider the legal analysis set forth in *Slawek I* to be correct and precedent for future cases involving the waiver of issues for failure to comply with 1 Pa. Code §35.213.

however, stipulated that he was without medical malpractice insurance from January 1, 1984 until October 5, 1984. Section 701(f) of the Health Care Services Malpractice Act, 40 P.S. §1301.701(f), provides that a physician's failure to carry medical malpractice insurance "shall result in the suspension or revocation of the health care provider's license by the licensure board." The Board did not abuse its discretion in revoking Petitioner's medical license because it had no discretion to abuse. Section 701(f) requires either suspension or revocation.

Our inquiry as to whether the Board abused its discretion does not end with this conclusion. The Board did exercise discretion by ordering the revocation to be stayed after 3 months. "This court may consider a claim of abuse of discretion by an administrative agency and may modify the order if the penalty imposed is unduly harsh. . . . In doing so, we are limited to determining whether the penalty is reasonable in light of the violation." *Hendrickson v. State Board of Medicine*, 108 Pa. Commonwealth Ct. 124, 130, 529 A.2d 78, 81 (1987) (citation omitted).

This court in *Hendrickson* addressed an argument that the Board had abused its discretion in ordering Hendrickson, who was not covered by medical malpractice insurance for 23 months, to serve 6 months of active revocation.[3] We found no merit in Hendrickson's argument that the 6 month active revocation was unduly harsh because "[w]hile his [Hendrickson's] failure to maintain his insurance may have been unintentional, his conduct in allowing it to lapse was grossly negligent." *Hendrickson*, 108 Pa. Commonwealth Ct. at 130, 529 A.2d at 81. Such was not the case in Petitioner's situation.

---

[3] The revocation was then stayed subject to the same conditions as Petitioner's revocation stay.

The Board notes that Petitioner "was thrust into a situation where he unexpectedly had to supply medical services and that he did not have an opportunity to pre-arrange insurance coverage." Board brief at 9. The Board found that Petitioner "diligently pursued the acquisition of professional liability insurance to cover his medical practice from January of 1984 to October 5, 1984." Finding of fact no. 19. In *Slawek I* this court stated: "Petitioner was presented with an unexpected emergency situation and the facts, as found by the [Board], suggest that the penalty is unduly harsh." *Id.* at 83, 528 A.2d at 1077. We now hold that the 3 month active revocation imposed on Petitioner by the Board is unduly harsh under the unique facts of this case.

Accordingly, the order of the Board is modified to remove the requirement that Petitioner actively serve 3 months of the revocation of his license to practice medicine and surgery in Pennsylvania.

## ORDER

AND NOW, March 29, 1989, the order of the State Board of Medical Education and Licensure in the above-captioned matter is modified to remove the requirement that Petitioner actively serve 3 months of the revocation of his license to practice medicine and surgery in Pennsylvania. The Board's order is affirmed in all other aspects.