Jurisdiction is relinquished.

**Gilbert L. NILES, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 17, 1995.

Decided Dec. 29, 1995.

Publication Ordered April 23, 1996.

Theodore M. Kravitz, for Petitioner.

Timothy P. Wile, for Respondent.

Before McGINLEY and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Gilbert Niles appeals an order of a Department of Transportation (DOT) hearing officer making final a proposed report denying Niles' request to have time credited on a suspension of his driver's license.

The hearing officer found the following facts. On January 31, 1994, Niles was convicted on two charges of driving while intoxicated. He was not asked to surrender his license in court. On February 3, 1994, he surrendered his license to his attorney at that time, who mailed it to DOT. On February 18, 1994, DOT mailed the license back because DOT had no record of conviction. DOT received notices of conviction on April 10, 1994. On April 27, 1994, two notices of suspension were mailed for two years of license suspension, effective June 1, 1994. The suspensions were appealed. Effective May 19, 1994, DOT restored Niles' license pending his appeal.

The appeal was withdrawn on or about July 28, 1994. On August 4, 1994, Niles'

attorney again submitted Niles' license, which the attorney had retained since its return by DOT. The license was again returned, because DOT's records did not show that the appeal was withdrawn. On August 18, 1994, DOT ordered the suspensions reinstated. DOT sent notices of the reinstated suspensions, effective September 2, 1994. Niles' license was received on that date.

Niles disputed DOT's calculation of the suspension period, asserting that his suspension should have started when he first surrendered his license on February 2, 1994. The hearing officer issued a proposed report denying relief and holding:

> The fact that counsel obtained and retained Niles' license throughout this process is between the two of them. The law does not permit [DOT] to suspend until it has a conviction. It did not have one until April 18, 1994. The law required [DOT] to give a supersedeas upon appeal. It did so as required by law and the Order drafted by Niles' counsel. If [DOT] is prohibited from suspending by the law, this forum cannot give credit toward suspensions which [DOT] is prohibited from issuing. Niles' credit cannot begin until he is legally suspended and surrenders his license. That date was September 2, 1994.

(Proposed Report, December 20, 1994, p. 4). By order dated March 15, 1995, the hearing officer, stating that no timely exceptions had been filed, finalized the order in his proposed report. Niles now appeals the final order to this Court.

1. The record contains a letter, dated January 14, 1995, from counsel for Niles to the hearing officer. The letter was apparently received on January 20, 1995, as it is stamped "Commonwealth of Pennsylvania Department of Transportation Jan 20 1995 Office of Chief Counsel." The letter begins, "[p]lease be advised that I find myself constrained to take exception to the Proposed Report ..." Niles' counsel apparently later wrote a second letter, stamped March 9, 1995, requesting an update on when a final decision would be made. DOT asserts that Niles irrevocably waived any objections to the hearing officer's proposed report, because the report was dated as mailed on December 20, 1994, and no brief on exceptions was filed within thirty days, i.e, by January 19, 1995. Instead, a letter—not a brief—was filed on January 20, 1995.

2. The following general regulation is pertinent:

Niles does not question—in his petition for review, his brief, or otherwise—the statement in the final order that he did not file timely exceptions. Instead, he makes the substantive argument, as he did originally before the hearing officer, that his suspension should have started when DOT first received his driver's license.

■ Before we may reach Niles' argument, we must consider DOT's procedural contention that Niles irrevocably waived his argument because he did not file timely exceptions to the hearing officer's proposed report.[1] Due to the lack of contest by Niles on this matter, we consider it to be undisputed that he failed to file timely exceptions and we proceed to consider the ramifications of that failure. See, e.g., Pa. R.A.P. 2116 (ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby); see also Tyler v. Unemployment Compensation Board of Review, 139 Pa.Cmwlth. 598, 591 A.2d 1164, 1168 (1991) (this Court has declined to consider issues not fairly comprised within a petition for review).

DOT accurately claims that applicable regulations create a thirty-day requirement for filing exceptions in order to avoid irrevocable waiver of issues, and that such regulations were strictly construed by this Court in J.B. Steven, Inc. v. Department of Transportation, 156 Pa.Cmwlth. 360, 627 A.2d 278 (1993).[2] In J.B. Steven, we discussed the

> Failure to file a brief on exceptions within the time allowed under § 35.211 (relating to procedure to except to proposed report) shall constitute a waiver of all objections to the proposed report. Objections to any part of a proposed report which is not the subject of exceptions may not thereafter be raised before the agency head in oral argument, or in an application for agency rehearing or reconsideration, and shall be deemed to have been waived....

1 Pa.Code § 35.213 (emphasis added). Pursuant to 1 Pa.Code 35.211, "[a] participant desiring to appeal to the agency head shall, within 30 days after the service of a copy of a proposed report or such other time as may be fixed by the agency head ... file exceptions to the proposed report or part thereof in a brief (designated 'brief on exceptions')...."

Further, under regulations specifically governing DOT, if a party does not "file exceptions to the proposed report within 30 days after the

relevant regulations in reviewing an applicant's appeal of a deemed denial by DOT of the applicant's petition for reconsideration. We held that DOT did not abuse its discretion in denying the petition, because exceptions to a proposed order were not filed with the Secretary of Transportation or the administrative docket clerk until thirty-one days after the proposed order was mailed and, accordingly, those exceptions were deemed irrevocably waived. *Id.* We so held despite the fact that the applicant had delivered a brief on·exceptions to DOT's counsel within the thirty-day period. *Id.*

Given the analysis in *J.B. Steven* upholding the denial of reconsideration by DOT on the basis of untimely exceptions, and given Niles' failure here to contend that it was error to adopt the hearing examiner's proposed order as final on the basis that Niles did not file timely exceptions, there appear to be no grounds to disturb the order Niles now appeals.

We shall nonetheless present further rationale for rejecting Niles' appeal so that we may clarify that his appeal to this Court of DOT's final order does not somehow vitiate his failure to file timely exceptions or permit this Court to address the substantive argu-

ment he seeks to renew.[3] Our conclusion that no issues have been preserved for appeal here is supported by what is known as the waiver rule. According to Section 703 of the Administrative Agency Law, 2 Pa.C.S. § 703, as well as Pa.R.A.P. 1551, this Court may not review any issue on appeal, other than the validity of a statute, not raised before a governmental agency, unless the appellant can demonstrate due cause for not raising it. The Supreme Court of Pennsylvania has stated the rationale behind the waiver rule in the context of administrative law cases:

*[T]he administrative law tribunal must be given the opportunity to correct its errors as early as possible; diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.*

*Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 117, 436 A.2d 179, 181 (1981) (emphasis added).[4]

---

mailing of the proposed report by the administrative docket clerk," then that party *"shall be deemed to have irrevocably waived objections to the proposed report,* and the proposed report will be deemed approved by the Secretary [of Transportation]." 67 Pa.Code § 491(a), (d) (emphasis added).

3. The decision in *J.B. Steven* does not appear to be entirely dispositive in this respect, and thus prompts our further discussion, because the applicant there, unlike Niles, did not appeal DOT's final order. Again, we held in *J.B. Steven* that DOT did not err in denying reconsideration due to untimely exceptions and the concomitant irrevocable waiver of objections. Although we did also hold that this Court was precluded from reviewing the merits of the applicant's appeal, that holding was expressly premised only on the obvious fact that the applicant never appealed the hearing officer's final order. *Id.* Therefore, while it is clear from *J.B. Steven* and the regulations that Niles' failure to file timely exceptions here had the effect of irrevocably waiving all objections to the hearing examiner's proposed order, there is arguably a further, remaining question of whether substantive issues were irrevocably waived only for purposes of appeal to the Secretary of Transportation, or whether they

have also been waived for purposes of further appeal to this Court.

4. We similarly cited *Wing,* 2 Pa.C.S. § 703 and Pa.R.A.P. 1551 in *Slawek v. State Board of Medical Education & Licensure,* 108 Pa.Cmwlth. 77, 528 A.2d 1075 (1987) (*Slawek I*) remanded, 520 Pa. 66, 550 A.2d 198 (1988), *decision on remand,* 124 Pa.Cmwlth. 481, 556 A.2d 525 (1989) (*Slawek II*) rev'd on other grounds, 526 Pa. 316, 586 A.2d 362 (1991). In that case, a proposed order was issued by the State Board of Medical Education & Licensure (Board) revoking a physician's license to practice medicine. The physician did not file exceptions and the report was made final. Based on the waiver rule and the general regulation in 1 Pa.Code § 35.213, we held:

In the instant case, Petitioner was presented with an unexpected emergency situation and the facts, as found by the hearing officer, suggest that the penalty is unduly harsh. Unfortunately, however, the Petitioner failed to file exceptions to the hearing officer's proposed report. 1 Pa.Code makes mandatory such a filing to preserve the abuse of discretion issue. *By failing to file exceptions, he has waived his right to have this court consider that issue on appeal.*

■ It would be anomalous to conclude that a party, having "waive[d] ... all objections to the proposed report," 1 Pa.Code § 35.213, and, indeed, "irrevocably waived objections," 67 Pa.Code § 491(d), may bypass review by the Secretary of Transportation—thereby preventing DOT from correcting any potential errors—and subsequently revive its objections on appeal to this Court. To the contrary, the waiver rule, the *J.B. Steven* decision and the applicable regulations, taken together, compel the following conclusion under the circumstances of this case. After DOT's proposed determination was mailed, the only issues Niles could have preserved for a review by the Secretary of Transportation or by this Court were those issues raised in exceptions properly filed within thirty days of the mailing date, absent a showing of due cause for an untimely filing. Niles filed no exceptions within the thirty-day period and we are presented with no indication of due cause for the delay. Therefore, Niles has waived the argument he now seeks to make on the merits of the hearing officer's decision.

Accordingly, for the reasons stated in the foregoing discussion, DOT's final order is affirmed.

### ORDER

AND NOW, this 29th day of December, 1995, the order of the Department of Transportation, No. 262 A.D. 1994, dated March 15, 1995, is hereby affirmed.

*Slawek I,* 528 A.2d at 1077 (emphasis added).

Our decision in *Slawek I* was appealed to the Supreme Court of Pennsylvania, which issued a *per curiam* order remanding the case. On remand, in *Slawek II,* we noted:

> The Pennsylvania Supreme Court's order *did not* reverse this court's decision in Slawek I. Therefore, we consider the legal analysis set forth in Slawek I to be correct and precedent

for future cases involving the waiver of issues for failure to comply with 1 Pa.Code § 35.213. *Slawek II,* 556 A.2d at 526, n. 2 (emphasis in original). We then modified the Board's order. That modification in *Slawek II* was then reversed by the Supreme Court, which, nevertheless, did not indicate an objection to this Court's procedural analysis on waiver.