**CHRISTIAN STREET PHARMACY,**
Petitioner

v.

**PENNSYLVANIA DEPARTMENT OF AGING, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2008.

Decided April 10, 2008.

---

David S. Dessen, Willow Grove, for petitioner.

Anne H. Kapoor, Asst. Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Christian Street Pharmacy (Provider) petitions for review of the October 9, 2007, order of the Secretary of the Department of Aging (Secretary), which determined that the Department of Aging (Department) filed its exceptions to the Proposed Report of an administrative law judge (ALJ) within the thirty-day timeframe set forth in 1 Pa.Code § 35.211.[1] Assuming that the exceptions were timely, Provider also seeks review of the Secretary's October 20, 2006, order granting the Department's exceptions. We affirm both orders.

Provider participates in the Pharmaceutical Assistance Contract for the Elderly (PACE) Program.[2] In January 2004, the Department audited Provider's reimbursement claims for the period from October 1, 2002, to September 30, 2003. The auditor found that, in many of the claims, Provider

---

1. The regulation at 1 Pa.Code § 35.211 requires that a participant desiring to appeal a proposed report to an agency head must file exceptions within thirty days after service of the proposed report.

2. The PACE Program provides prescription drug assistance to eligible individuals who are sixty-five years of age and older.

did not use the correct National Drug Code (NDC)[3] for the particular drug dispensed. The Department determined that these claims were improper and recouped the monies that it had reimbursed to Provider. Provider filed an appeal, seeking a return of the monies, and a hearing was held before an ALJ.

Based on the evidence presented, the ALJ found that there were 230 instances in which Provider failed to use an accurate NDC on its claims. However, the ALJ concluded that the Department was not entitled to recoup the money it had reimbursed for the claims because the Department's regulation at 6 Pa.Code § 22.82(9) does not require that a provider use the NDC in describing the drug dispensed.[4] On September 2, 2005, the ALJ submitted a Proposed Report to the Secretary, recommending that Provider's appeal be sustained on this issue.

The Department filed exceptions to the ALJ's Proposed Report on July 5, 2006. After considering the matter, the Secretary found that Provider violated 6 Pa. Code § 22.82(9) and the PACE provider agreement by failing to use an accurate NDC on its claims. Thus, the Secretary sustained the Department's exceptions.

Provider appealed to this court, arguing that the Secretary erred in sustaining the Department's exceptions because the exceptions were not timely filed. This court concluded that it could not ascertain from the record whether the Department's exceptions were timely or untimely. Thus, this court vacated the Secretary's order on the NDC issue and remanded the case to the Secretary for further proceedings as to whether the Department's exceptions were timely filed.

On remand, the Secretary received additional evidence and made supplemental findings of fact. The Secretary filed those supplemental findings with this court on July 26, 2007. By order dated September 20, 2007, this court directed the Secretary to make a determination based on the supplemental findings as to whether the Department's exceptions were timely filed. (R.R. at 273a.)

The Secretary determined that the Department's exceptions were filed within thirty days of service of the Proposed Report and, thus, were timely under 1 Pa. Code § 35.211. In support of this determination, the Secretary found that: (1) on June 5, 2006, the Department received a letter from the Department of Public Welfare's Bureau of Hearings and Appeals (Bureau) stating that the Department had mistakenly sent the Proposed Report to the Bureau instead of the parties, (Supp.Findings, No. 2); (2) Chief Counsel for the Department served Provider with a copy of the Proposed Report on June 5, 2006, (Supp.Findings, No. 3); (3) in its brief on the exceptions, the Department erroneously gave the service date as Saturday, June 3, 2006, a day on which the Department does not process official mailings,[5] (Supp.Findings, No. 4); (4) on June

---

3. The NDC identifies the drug manufacturer, the kind of medicine (e.g., Atenolol 25 mg.), and the type of packaging (e.g., bottle of 100).

4. The regulation states, in pertinent part, that an enrolled provider submits a false claim if the provider submits a claim which misrepresents the description of the prescription drug dispensed. 6 Pa.Code § 22.82(9).

5. A legal assistant to counsel for Provider stated in an affidavit that the Department's Chief Counsel told her in a telephone conversation that the Department mailed the Proposed Report on June 3, 2006. However, the Secretary rejected this evidence because the Department had no record of the conversation and because, although Provider should be in possession of the envelope in which the Department mailed the Proposed Report, Pro-

30, 2006, a legal assistant within the Department sent an email to an Assistant Counsel stating that the Department sent the Proposed Report to Provider on June 5, 2006, (Supp.Findings, No. 5); and (5) the Department filed its exceptions on July 5, 2006, thirty days after serving Provider with the Proposed Report on June 5, 2006, (Supp.Findings, No. 8). Provider again appeals to this court.[6]

## I. Timeliness of Exceptions

■ Provider argues that the record does not contain substantial evidence to support the Secretary's finding that the Department does not process official mailings on the weekends and, thus, could not have served the Proposed Report on Saturday, June 3, 2006. Provider is correct that the record contains no evidence relating to whether the Department performs work on the weekends. However, even if Provider is correct in this regard, the record does contain substantial evidence to support the Secretary's finding that the Department served Provider with the Proposed Report on June 5, 2006.

Indeed, the record contains an internal Department email indicating that the Department served Provider with the Proposed Report on June 5, 2006. (*See* R.R. at 310a.) The record also contains the Bureau's letter to the Department, which, according to the date stamp, the Department received on June 5, 2006. (*See* R.R. at 308a.) The letter stated:

It appears your office has mistakenly returned our decision and proposed re-

port (enclosed herewith) **rather than distributing them to the parties.**

Unfortunately, your signed proposed report letter was automatically date stamped in our mail department. For your convenience, we are enclosing a fresh proposed report letter **for your signature and distribution.**

(R.R. at 308a) (emphasis added). The Secretary could reasonably infer from this letter that the Department was unaware of its failure to serve Provider until June 5, 2006, and, thus, could not have sent the Proposed Report to Provider before that date.

Because the record contains substantial evidence to support the Secretary's finding that the Department served Provider on June 5, 2006, Provider cannot prevail on the timeliness issue.

## II. NDC Requirement

■ Provider next argues that, even if the Department's exceptions were timely filed, the Secretary erred in concluding that Provider violated 6 Pa.Code § 22.82(9) by failing to use the correct NDC on its invoices. We disagree.

An enrolled provider submits a false claim if the provider submits a claim that misrepresents the "description" of the prescription drugs dispensed. 6 Pa.Code § 22.82(9). The word "description" is not further defined by statute or regulation. However, the Department has set forth certain drug "description" requirements in the provider agreement, which all providers must sign and submit to the Department in order to participate in the PACE

---

vider did not submit any postmark evidence. (Supp.Findings, No. 6.)

**6.** Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law or whether necessary findings of fact are supported by substantial evidence. Sec-

tion 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Substantial evidence is that evidence which a reasonable person might accept as adequate to support the conclusion reached. *Kalin v. Pennsylvania Securities Commission*, 805 A.2d 1258 (Pa.Cmwlth. 2002).

program.[7] Paragraph I(M) of the provider agreement states: "The provider agrees to only submit claims for reimbursement which accurately report the national drug code [NDC] of the product dispensed." (R.R. at 1a.) Thus, on a claim for reimbursement submitted to the Department, the "description" of the prescription drug dispensed must include the correct NDC for that drug. If a claim contains an incorrect NDC, then, to that extent, the drug "description" and the claim are false.

Provider recognizes that the provider agreement requires an accurate NDC on a claim for reimbursement. However, Provider argues that its failure to provide an accurate NDC was not a material breach of the provider agreement, and, thus, the Department could not seek restitution. We disagree. As a matter of law, the Department may terminate an enrolled provider's agreement **and seek restitution** from that provider if it determines that the provider failed to comply with the terms of the provider agreement. 6 Pa.Code § 22.84(a)(3).

Accordingly, we affirm.

### ORDER

AND NOW, this 10th day of April, 2008, the order of the Secretary of the Department of Aging (Secretary), dated October 9, 2007, is hereby affirmed. The October 20, 2006, order of the Secretary, granting the exceptions of the Pennsylvania Department of Aging relating to the National Drug Code issue, also is affirmed.

7. In order to become enrolled as a provider in the PACE program, the provider must submit a signed provider agreement setting forth the provisions "**required** of all participating providers...." 6 Pa.Code § 22.62(a)(3)(iii) (emphasis added).