627 A.2d 278

**J.B. STEVEN, INC., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1993.

Decided June 23, 1993.

Ralph C. Christensen, for petitioner.

Chester J. Karas, Jr, Asst. Counsel, for respondent.

Before CRAIG, President Judge, McGINLEY, J., and NARICK, Senior Judge.

McGINLEY, Judge.

J.B. Steven, Inc. (JBS) petitions for review of the deemed denial by the Department of Transportation (Department) of JBS's petition for reconsideration [1] of its April 8, 1992, order affirming the denial of JBS's application for an outdoor advertising permit under the provisions of the Outdoor Advertising Control Act of 1971 (Act), Act of December 15, 1971, P.L. 956, *as amended,* 36 P.S. §§ 2718.101–2718.115. Also before the Court is the Department's application for relief, which includes a motion to dismiss JBS's petition for review.[2] We affirm.

On October 11, 1990, JBS filed a permit application with the Department to erect an outdoor advertising sign adjacent to Interstate 79 in North Strabane Township, Washington County, in an area zoned for commercial uses. In its application, JBS alleged that the proposed site was located in a "Cotton area" exempted from the prohibition against outdoor advertising signs along interstate or primary highways set forth in Section 4 of the Act, 36 P.S. § 2718.104.[3] The Cotton exemption permits advertising devices within one hundred sixty feet of an interstate right-of-way "in zoned or unzoned commercial

1. The failure of the Secretary of the Department to act upon JBS's petition for reconsideration within thirty days shall be deemed to be a denial. 1 Pa.Code § 35.241(d).

2. By order dated July 6, 1992, this Court denied the Department's motion to dismiss JBS's petition for review as untimely and listed the remainder of the Department's application for argument with the merits.

3. The term "Cotton area" derives its name from its primary sponsor, Senator Norris Cotton of New Hampshire, who authored the exemption to the federal version of the Act.

or industrial areas along those portions of the interstate system constructed on [a public] right-of-way, any part of the width of which was acquired on or before July 1, 1956." Section 4(1)(iv) of the Act, 36 P.S. § 2718.104(1)(iv).

On January 7, 1991, the Department denied JBS's application on the ground that the proposed site did not fit within the Cotton exception because the subject site never vested as a public right-of-way prior to July 1, 1956. On January 28, 1991, JBS appealed the Department's determination and a hearing was subsequently held before a hearing examiner. After hearing, on February 25, 1992, the hearing examiner mailed a proposed report affirming the denial of JBS's application. On March 26, 1992, JBS delivered a copy of its brief on exceptions to the Department's counsel in Pittsburgh. On March 27, 1992, JBS's original brief was received by the Department's administrative docket clerk in Harrisburg.

On April 8, 1992, the Department's hearing officer entered a final order denying JBS's permit application. On April 10, 1992, the Department filed a motion to quash JBS's brief on exceptions as untimely filed. On April 14, 1992, JBS mailed a petition for reconsideration to the Department which was not acted upon within thirty days and therefore deemed denied. JBS appeals from the Department's deemed denial of its petition for reconsideration to this Court.

Our scope of review of a Commonwealth agency's denial of a request for reconsideration is limited to a determination of whether the Secretary of that agency abused his or her discretion by not granting reconsideration. *Keith v. Department of Public Welfare*, 121 Pa.Commonwealth Ct. 405, 551, A.2d 333 (1988). In the absence of fraud, bad faith, capricious action or abuse of power, we will not find an abuse of discretion. *Id.* at 411, 551 A.2d at 336.

In the present case, JBS did not appeal the merits of the Department's April 8, 1992, final order regarding its permit application. Instead JBS appealed the Department's denial of its petition for reconsideration. JBS does not allege any fraud or bad faith on the Department's behalf. Rather, JBS argues

that its brief on exceptions was timely filed and that the Secretary of the Department erred by denying its petition for reconsideration.

JBS argues that it served its brief on exceptions to the Department's counsel at its Western Regional Office in Pittsburgh on March 26, 1992, within thirty days after the hearing examiner's proposed report was dated and mailed on February 25, 1992. JBS contends that it complied with the Department's regulations regarding service upon counsel as set forth in 67 Pa.Code § 493.3, and that service upon counsel is service upon the agency under 1 Pa.Code § 33.33.

However, as the Department notes, JBS confuses filing with service. In order to be timely filed, JBS's brief on exceptions to the proposed report had to be received by the office of the agency within thirty days after mailing of the hearing examiner's proposed report by the administrative docket clerk. 1 Pa.Code § 35.211 (agencies generally); 67 Pa.Code § 491.12(a) and (d) (the Department specifically).[4] The office of an agency is defined as the agency head or the office of the secretary or his delegate. 1 Pa.Code § 31.3. The Department has delegated receipt of all filings (correspondence, pleadings, briefs or other papers relating to the case) to its administrative docket clerk in Harrisburg. 67 Pa.Code § 491.4(c).

█ In the present case, JBS's brief on exceptions was delivered to the Department's Western Regional Office in

---

4. 1 Pa.Code § 35.211 provides in pertinent part:

A participant desiring to appeal to the agency head shall, within 30 days after the service of a copy of a proposed report or such other time as may be fixed by the agency head, file exceptions to the proposed report or part thereof in a brief (designated 'brief on exceptions')....

67 Pa.Code § 491.12(a) provides:

(a) *Filing.* A party or other participant may file exceptions to the proposed report within 30 days after the mailing of the proposed report by the administrative docket clerk.

....

(d) *Waiver.* If no party or other participant files exceptions to the proposed report within the time prescribed in subsection (a), those persons shall be deemed to have irrevocably waived objections to the proposed report, and the proposed report will be deemed approved by the Secretary.

Pittsburgh within the thirty day period set forth in § 67 Pa.Code § 491.12(a), but it was delivered to the Department's counsel, not to the Secretary or the administrative docket clerk in Harrisburg. It was not filed with the administrative docket clerk until March 27, 1992, thirty-one days after the proposed report was mailed. If timely exceptions are not filed to a hearing examiner's proposed report, it will be deemed to be approved by the Secretary. 67 Pa.Code § 491.12(d). As a result of JBS's untimely filing, JBS's exceptions are deemed irrevocably waived, and the proposed report deemed approved. Accordingly, the Department did not abuse its discretion by denying JBS's petition for reconsideration.

█ Because JBS failed to appeal the Department's final order on the merits, dated April 8, 1992, within thirty days of that order, we are precluded from reviewing JBS's contentions regarding the merits of its permit application on this appeal. *Keith*, 121 Pa.Commonwealth Ct. at 410, 551 A.2d at 336. Also, because we have determined that the Department did not abuse its discretion in denying reconsideration, the remainder of the Department's application for relief is rendered moot.

The Department's denial of JBS's request for reconsideration is affirmed.

## ORDER

AND NOW, this 23rd day of June, 1993, the Department of Transportation's denial of J.B. Steven, Inc.'s petition for reconsideration in the above-captioned matter is affirmed.

This case was argued before a panel consisting of President Judge CRAIG, Judge McGINLEY and Senior Judge WRIGHT. Because of Senior Judge WRIGHT's illness, the briefs have been submitted to Senior Judge NARICK for his consideration as member of the panel.