632 A.2d 954

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant,

v.

Gary Alan MESSA.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 21, 1993.

Decided Oct. 5, 1993.

Marc A. Werlinsky, Asst. Counsel–Appellate Section, for appellant.

No appearance for appellee.

Before CRAIG, President Judge, PALLADINO, J., and KELTON, Senior Judge.

CRAIG, President Judge.

The Department of Transportation, Bureau of Driver Licensing appeals from an order of the Court of Common Pleas of Philadelphia County that granted the petition of the appellee, Gary Alan Messa, and ordered the department to pay Messa's costs for retaining an interpreter to aid him in his appeal from the department's notice of suspension. However, we conclude that the trial court's order is void because the trial court never had jurisdiction to issue that order.

The docketed history of this case reveals the following. The department notified Messa by a letter mailed on Tuesday, August 20, 1991 that his registration privilege was scheduled for suspension on September 24. The department also informed Messa that he could appeal his suspension to the trial court within thirty days of the mailing date. However, Messa did not file his statutory appeal until September 20, a Friday and the thirty-first day after the mailing date. In addition, Messa filed a petition for the appointment of a sign interpreter on October 18, alleging that he is deaf and unable to communicate in the spoken English language.

The trial court issued an order granting Messa's petition for appeal and rescinded the suspension on November 12, 1991. The department did not appeal that order. However, in June of 1992, Messa petitioned the trial court to order the department to pay his sign interpreter's fee. On August 11, 1992, nine months after its order sustaining Messa's appeal, the trial court amended its order and required the department to pay the costs of Messa's appeal. The department now appeals the August 11 order of the trial court.

██ However, we cannot consider the merits of the department's appeal from the August 11 order because the trial court was without jurisdiction to amend its order of November 12. Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, states that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Therefore, because Messa petitioned the trial court approximately six months after the November order, the trial court lacked jurisdiction to amend the order.

This court has previously held that, after the 30–day limitation has expired, a court may vacate, amend or modify its order only if extraordinary cause exists. *DeMarco v. Borough of East McKeesport*, 125 Pa.Commonwealth Ct. 13, 556 A.2d 977 (1989). In the case before us, Messa has not filed a brief,

nor is there any indication that there was fraud or a breakdown in the court system.

■ Accordingly, we must conclude that the order of the trial court, dated August 11, 1992, was void from its inception.[1]

## ORDER

NOW, October 5, 1993, the order of the Court of Common Pleas of Philadelphia County, dated August 11, 1992, at docket No. 9109–3380, is vacated for lack of jurisdiction.

1. This court has no jurisdiction to vacate or otherwise act with respect to the trial court's order of November 12, 1991 because there has been no timely appeal by the department of that order to this court. Even though the trial court's jurisdictional foundation for the November 12 decision on the merits was vulnerable because it was within the framework of that untimely appeal, that vulnerability ended upon the expiration of the thirty-day period for appeals to this court because such time limitations are designed to insure certainty at some juncture. This court's power to review the 1992 order, timely appealed, after review of the 1991 order has been barred by law, is analogous to our jurisdiction to review a timely-appealed denial of reconsideration by an agency as in *J.B. Steven, Inc. v. Department of Transportation*, 156 Pa.Commonwealth Ct. 360, 627 A.2d 278 (1993), where the original agency order—earlier issued and not appealed—has passed beyond reach of review, on our own initiative or otherwise. Although the *J.B. Steven* case concerns an agency decision rather than a trial court decision as in this case, the principles are the same.