IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victorian Manor, LLC,     :
     Petitioner    :
            :  No.  174 C.D. 2015
    v.        :
            :  Submitted:  June 19, 2015
Department of Human Services,  :
     Respondent   :


BEFORE: HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
     HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE PATRICIA A. McCULLOUGH, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED:  August 27, 2015


   Victorian Manor, LLC (Victorian Manor) petitions for review of the January 20, 2015 order of the Pennsylvania Department of Human Services (DHS) that denied Victorian Manor's petition for reconsideration of DHS's Bureau of Hearings and Appeals' (Bureau) final administrative action order dismissing Victorian Manor's appeal from its license revocation as untimely.

   Victorian Manor is a personal care home in Lehighton, Pennsylvania. (Reproduced Record (R.R.) at 1a.)  By letter dated August 29, 2014, DHS notified Victorian Manor that, as a result of its licensing inspections on July 16, August 13, and August 18, 2014, it was revoking Victorian Manor's license to operate a personal care home due to violations of DHS's regulations.  (ALJ's Finding of Fact No. 1; R.R. at 1a-2a.)  The letter informed Victorian Manor of its right to appeal and stated

that an appeal must be received within ten calendar days from the date of the notice. (ALJ's Finding of Fact No. 2.) A Licensing Inspection Summary attached to this letter detailed forty-three separate violations, Victorian Manor's plan of correction for each violation, DHS's approval of each plan, and the status of each correction. This Licensing Inspection Summary reveals that certain corrections were fully implemented on or before August 18, 2014, while others were only partially implemented or not implemented at all.

The letter stated that "[t]he enclosed Licensing Inspection Summary specifies plans of correction and dates by which corrections must be made. If you choose to appeal, *this plan of correction must be followed during your operation pending your appeal*." (R.R. at 2a) (emphasis added). Victorian Manor received the August 29, 2014 letter on September 2, 2014; on September 11, 2014, thirteen days after DHS mailed the notice, Victorian Manor filed an appeal. (ALJ's Findings of Fact Nos. 3-5.)

On September 22, 2014, the Bureau issued a rule to show cause, ordering Victorian Manor to demonstrate why its appeal should not be dismissed as untimely, to which Victorian Manor responded on October 2, 2014. In the response, Jennifer Bachert (Bachert), Victorian Manor's owner/administrator, acknowledged that Victorian Manor's appeal was untimely and that it was a miscommunication and error on her part. Bachert stated that she mistakenly thought that an appeal did not have to be filed, asserting that all but one of the corrections had been implemented and approved by a DHS representative prior to the expiration of the ten-day appeal

2

period.[1]  Bachert apologized in her letter and sought to rectify the situation so that Victorian Manor's certificate of compliance could be renewed.  (R.R. at 48a-50a.)

The Bureau scheduled a hearing before an administrative law judge (ALJ) on November 20, 2014.  At the hearing, Bachert reiterated that she did not realize that she needed to file an appeal because a DHS representative had visited Victorian Manor and approved the implemented corrective actions.  Bachert acknowledged that she was never informed by any DHS employee that it was not necessary for Victorian Manor to file an appeal and that it was an oversight on her part.  (R.R. at 64a-65a.)

By adjudication and recommendation dated December 12, 2014, citing 1 Pa. Code §35.20, the ALJ found that Victorian Manor's appeal was untimely because it was filed after the requisite ten-day filing period.  The ALJ noted that Bachert acknowledged that the untimely filed appeal was due to an error on her part.  The ALJ concluded that Victorian Manor presented no evidence to show the filing of the late appeal was caused by fraud or its equivalent on the part of the administrative authorities, a breakdown in the administrative process, or the non-negligent conduct of Victorian Manor or someone acting on Victorian Manor's behalf or the negligent conduct of a third party.  Accordingly, the ALJ recommended that Victorian Manor's appeal be dismissed as untimely filed.

By final administrative action order dated December 22, 2014, DHS adopted the ALJ's adjudication and recommendation in its entirety.  Victorian Manor filed a petition for reconsideration with DHS.  (R.R. at 71a-72a.)  DHS denied

---

[1] The record does not contain any evidence regarding a follow-up inspection and approval by a DHS representative prior to the expiration of the ten-day appeal period.

Victorian Manor's petition for reconsideration by order dated January 20, 2015, for the reasons stated by the Bureau in its final administrative action order.

On appeal to this Court, Victorian Manor argues that DHS erred and abused its discretion in denying its petition for reconsideration because Victorian Manor demonstrated that it was entitled to an appeal *nunc pro tunc*.

Initially, we note that our scope of review of an agency's decision on a reconsideration request is limited to determining whether the secretary abused his or her discretion. *J.B. Steven, Inc. v. Department of Transportation*, 627 A.2d 278, 280 (Pa. Cmwlth. 1993). An abuse of discretion will only be found where the evidence shows there was fraud, bad faith, capricious action, or abuse of power. *Id.*

The applicable regulations provide that "[a]ctions taken by a subordinate officer under authority delegated by the agency head may be appealed to the agency head by filing a petition within 10 days after service of notice of the action." 1 Pa. Code §35.20. "The date of service shall be the day when the document served is deposited in the United States mail . . . ." 1 Pa. Code §33.34. A party's failure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect, and an extension of time to file an appeal cannot be granted as a matter of grace or mere indulgence. *C.E. v. Department of Public Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014).

An appeal *nunc pro tunc* may be allowed only where a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to an appellant or her counsel or a third party. *Russo v. Unemployment Compensation Board of Review*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). A party seeking an appeal *nunc pro tunc* must also show that the period of time between the deadline and the actual

4

filing of the appeal was short and that the appellee will not be prejudiced by the delay. *C.E.*, 97 A.3d at 832. Further, an appeal *nunc pro tunc* may be allowed where a party has been "unintentionally misled by officials as to the proper procedure to be followed." *Monroe County Board of Assessment Appeals v. Miller*, 570 A.2d 1386, 1388 (Pa. Cmwlth. 1990).

Victorian Manor relies on *Miller* to argue that it is entitled to *nunc pro tunc* relief. In *Miller*, a property owner filed an appeal from a board of assessment's (Board) property assessments with the common pleas court within sixty days of entry of the Board's order. The appeal was untimely, because it was required to be filed within thirty days of entry of the Board's order. However, the Board's notices of the property assessments that were sent to the property owner incorrectly stated that an appeal must be filed within sixty days.

On appeal to this Court, the Board argued that the common pleas court lacked jurisdiction to hear the appeal because it was untimely filed. We stated that an appeal *nunc pro tunc* may be granted when officials unintentionally mislead a party as to the correct procedure that must be followed. Because the property owner in *Miller* "relied on the erroneous statement contained on the Board's notice of decision and timely filed her appeal within that period," we determined that the common pleas court did not abuse its discretion in hearing the appeal. *Id.* at 1388.

In its brief on appeal, Victorian Manor asserts that DHS's confirmation that all violations were corrected misled Victorian Manor into believing that an appeal was no longer necessary. However, during her testimony, Bachert acknowledged that no DHS employee misled her into believing that she did not need to file an appeal and that it was an oversight on her part for failing to file the appeal on time. And, while Bachert testified before the ALJ that all corrective actions had

5

been implemented and approved by a DHS representative prior to the expiration of the ten-day appeal period, when she responded to the rule to show cause on October 2, 2014, which was approximately three weeks after expiration of the appeal period, she indicated that at least one corrective action remained outstanding at that time.

More importantly, DHS's August 29, 2014 revocation letter specifically stated that the correction plans must be followed *pending the appeal,* and it in no way suggested that an appeal need not be filed. Bachert acknowledged that she realized that an appeal was needed after re-reading the revocation letter. There is no evidence of any fraud, breakdown in the administrative process, or non-negligent circumstances that caused the appeal to be untimely filed. To assert otherwise on appeal is contrary to Bachert's testimony and the record evidence. Moreover, Victorian Manor failed to present any evidence that DHS's denial of reconsideration was the result of any fraud, bad faith, capricious action, or abuse of power. *J.B. Steven*.

Accordingly, we affirm.

 

_____
PATRICIA A. McCULLOUGH, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victorian Manor, LLC,         :
         Petitioner     :
                            :  No. 174 C.D. 2015
         v.          :
                            :
Department of Human Services,  :
         Respondent   :

## *ORDER*

AND NOW, this 27th day of August, 2015, the order of the Pennsylvania Department of Human Services, dated January 20, 2015, is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge