IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henrietta Kahan, : : No. 166 C.D. 2015
Petitioner : Submitted: October 2, 2015
:
v. :
:
Department of Human Services, :
:
Respondent :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED: January 11, 2016

Henrietta Kahan petitions for review of the January 16, 2015, order of the Secretary of the Department of Human Services (Secretary) denying Kahan's request for reconsideration of the Department of Human Services (DHS),[1] Bureau of Hearings and Appeals' (Bureau) final administrative order dated December 3, 2014. The Bureau adopted an administrative law judge's (ALJ) order granting in part and denying in part Kahan's request to halt her discharge from Misericordia Nursing and Rehabilitation Center (Misericordia). We affirm.

---

[1] The Department of Public Welfare changed its name to DHS. *See* Act of June 13, 1967, P.L. 31, *amended by* the Act of September 24, 2014, P.L. 2458, 62 P.S. §103 (effective November 24, 2014).

On October 1, 2014, Kahan was transferred from Misericordia, where she was a resident, to a hospital in York. Misericordia did not provide Kahan with a notice of the transfer on or before October 1, 2014. On October 16, 2014, Misericordia issued a notice of discharge to Kahan, who was still in the hospital, stating that Kahan was being discharged from Misericordia because Misericordia could no longer meet Kahan's medical needs and Kahan was a threat to other residents' safety. (ALJ's Findings of Fact, Nos. 1-5.)

Kahan appealed the October 16, 2014, notice of discharge, and the ALJ conducted a hearing on November 18, 2014.[2] The ALJ concluded that the October 16, 2014, notice of discharge should have been labeled as a notice of transfer because Misericordia's moving of Kahan to the hospital on October 1, 2014, constituted a "transfer" rather than a "discharge" under 55 Pa. Code §1181, Appendix N.[3] (ALJ's Decision at 2.) However, the ALJ found that the notice was correctly issued because

---

[2] The hearing transcript is mistakenly dated November 13, 2014. A pre-hearing conference was held on November 13, 2014, the hearing was held on November 18, 2014.

[3] A "transfer" is defined as "[a] change of the facility from which the resident is to receive necessary health care on a 24-hour basis, including changes to a higher or lower level of care." 55 Pa. Code §1181, Appendix N. A "discharge" is defined as:

> An action by which a resident is removed from a facility providing necessary health care on a 24-hour basis to any other situation in which the resident will *not* be receiving necessary health care in a facility on a 24-hour basis, except where such removal is part of the resident's plan of care administered by the facility (e.g., *movement to a hospital or a program of therapeutic leave is a transfer*, whereas movement to a personal care home or a program of home health care in the resident's own home is a discharge).

*Id.* (emphases added).

2

it stated a valid basis for transfer under 42 C.F.R. §483.12(a)(2)(i),[4] i.e., Kahan required a higher level of care than Misericordia could provide. (*Id.* at 3.) The ALJ granted Kahan's appeal in part because Misericordia's notice of transfer was untimely because it was not given prior to October 1, 2014, when Kahan was transferred.[5] (ALJ's Order at 1.) The ALJ denied Kahan's appeal in part because Misericordia had a valid basis to transfer Kahan on October 1, 2014. (*Id.*)

The ALJ also concluded that because Misericordia's bed-hold period had expired, Misericordia must readmit Kahan once a bed becomes available if Kahan requires Misericordia's services at that time.[6] (ALJ's Decision at 3.) However, the ALJ did not order Misericordia to immediately readmit Kahan because Misericordia did not have a bed available as of the November 18, 2014, ALJ hearing. (ALJ's Order at 1.) On December 3, 2014, the Bureau issued a final administrative order affirming the ALJ's decision.

On December 22, 2014, Kahan filed a request for reconsideration with the Secretary. On January 16, 2015, the Secretary issued an order denying reconsideration. On February 14, 2015, Kahan petitioned this court for review of the Bureau's final administrative order and the Secretary's order denying reconsideration.

---

[4] A resident of a long-term care facility may be transferred or discharged to a different facility where "transfer or discharge is necessary for the resident's welfare and the resident's needs cannot be met in the facility." 42 C.F.R. §483.12(a)(2)(i).

[5] Generally, a long-term care facility must notify a resident that he or she will be transferred at least 30 days prior to the transfer. 42 C.F.R. §483.12(a)(5)(i).

[6] In accordance with 55 Pa. Code §1187.104(b)(1)(i), Misericordia was required to hold Kahan's bed for 15 days.

On February 19, 2015, Misericordia filed a motion to quash that portion of Kahan's petition for review that sought review of the Bureau's final administrative order because Kahan failed to file an appeal of that order with this court within 30 days. This court granted Misericordia's motion on March 9, 2015.[7]

This court's review of the Secretary's denial of a request for reconsideration is limited to determining whether the Secretary abused his or her discretion. *B.B. v. Department of Public Welfare*, 118 A.3d 482, 485 (Pa. Cmwlth. 2015). This court has held:

> "[A]n abuse of discretion occurs 'when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.'"

*Payne v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 928 A.2d 377, 379 (Pa. Cmwlth. 2007) (citations omitted).

First, Kahan argues that the Secretary abused her discretion because her order denying reconsideration did not contain findings and reasons for denying

---

[7] Where the Secretary *grants* a request for reconsideration, an aggrieved party has 30 days from the date that the Secretary granted reconsideration to file with this court an appeal of the underlying final administrative order. *Modzelewski v. Department of Public Welfare*, 531 A.2d 585, 587 (Pa. Cmwlth. 1987). Where the Secretary *denies* reconsideration, the 30-day time limit to appeal the final administrative order is considered to have commenced on the date of the final administrative order. *Id*.

4

reconsideration as required by section 507 of the Administrative Agency Law (Law), 2 Pa. C.S. §507.  We disagree.

Section 507 of the Law requires that all adjudications by government agencies set forth findings and reasons for the adjudication.  Regarding the Secretary's response to a request for reconsideration, 55 Pa. Code §275.4(h)(4)(ii) provides:

> The Secretary may affirm, amend, or reverse the decision of the Director [of the Bureau], or remand the case to the hearing officer for further findings of fact.  Actions taken by the Secretary will be confined to matters of law and established departmental policy; no findings of fact made by the hearing examiner will be subject to reversal.

In *Vucelich v. Department of Public Welfare*, (Pa. Cmwlth., No. 314 C.D. 2012, filed Sept. 13, 2012), slip op. at 6, we held that because the Secretary's order stated "that reconsideration was denied 'for the reasons stated by the Bureau . . . in its Final Administrative Action Order,'" the Secretary had adopted the Bureau's findings and reasons and did not violate section 507 of the Law or DHS's regulations.[8]

Here, the Secretary denied reconsideration "for the reasons stated by the Bureau" in the Bureau's final administrative order, which in turn affirmed the ALJ's decision and order in its entirety.  (Secretary's Order, 1/16/15, at 1.)  In determining whether this stated basis for denial constitutes sufficient "findings and reasons," we

---

[8] Pursuant to 210 Pa. Code §69.414(a), "[p]arties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent."

find *Vucelich* persuasive. There can be no doubt as to the reasons for the Secretary's denial because the Secretary explicitly adopted the Bureau's reasons. Additionally, the Secretary need not reiterate each of the ALJ's findings where, as here, the Bureau adopted the ALJ's findings and the Secretary denied reconsideration of the Bureau's final administrative order. Therefore, the Secretary did not abuse her discretion or violate section 507 of the Law.

Second, Kahan argues that the Secretary abused her discretion by denying reconsideration because the Bureau's final administrative order contained errors of law, contained findings of fact not supported by substantial evidence, and determined issues that were not before the Bureau.[9] We disagree.

Where an aggrieved party timely appeals an agency's order denying reconsideration but not the underlying final administrative order, this court may not reach the merits of the final administrative order. *See J.B. Steven, Inc. v. Department of Transportation*, 627 A.2d 278, 281 (Pa. Cmwlth. 1993) (holding that although the petitioner timely requested reconsideration, his failure to timely appeal the underlying final administrative order precluded this court from reaching that order's merits); *Keith v. Department of Public Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988) (holding that because the petitioner failed to timely appeal the final administrative

---

[9] Specifically, Kahan argues that: (1) the validity of the October 1, 2014, transfer was not before the ALJ; (2) substantial evidence did not support the ALJ's finding that the October 1, 2014, transfer was valid; (3) substantial evidence did not support the ALJ's finding that Kahan conceded that her condition did not allow her to be discharged by the hospital on October 1, 2014; and (4) the ALJ erred in stating that it need not address whether Kahan was a threat to the safety of other Misericordia residents because another basis for discharge existed.

6

order within 30 days, this court's review was limited to determining whether the Secretary abused his discretion in denying reconsideration).

Here, Kahan failed to appeal the Bureau's final administrative order until almost nine weeks after the order was issued. We are, therefore, precluded from reaching the merits of the Bureau's final administrative order and must instead limit our review to whether the Secretary abused her discretion in denying reconsideration. However, aside from her argument that the Secretary's denial did not contain sufficient findings and reasons, all of Kahan's arguments that the Secretary abused her discretion are based on alleged errors by the Bureau and the ALJ. We are unable to address these arguments because they concern the merits of the Bureau's final administrative order, which Kahan failed to timely appeal. Therefore, we conclude that the Secretary did not abuse her discretion in denying reconsideration.[10]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[10] It is appropriate here to reiterate our suggestion in *Keith* to similarly-situated parties:

> Because our scope of review of denials of reconsideration is so limited, those wishing to have the merits of an administrative agency decision reviewed would do well to heed the warning in the official note to Pa. R.A.P. 1701(b)(3) that "[t]he better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below *and a notice of appeal.*"

*Keith*, 551 A.2d at 337 n.8.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henrietta Kahan,                           :
                                           :  No. 166 C.D. 2015
                          Petitioner       :
                                           :
                    v.                     :
                                           :
Department of Human Services,              :
                                           :
                          Respondent       :


O R D E R


AND NOW, this 11<u>th</u> day of <u>January</u>, 2016, we hereby affirm the
January 16, 2015, order of the Secretary of the Department of Human Services.


_____
ROCHELLE S. FRIEDMAN, Senior Judge