# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wendell C. Cheek, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 621 C.D. 2016 |
| | : | SUBMITTED: October 14, 2016 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                    FILED:  February 28, 2017

Claimant, Wendell C. Cheek, petitions *pro se* for review of the March 15, 2016, order of the Unemployment Compensation Board of Review that denied his request for reconsideration of the Board's February 16, 2016, order. That February 16th order affirmed a referee's decision finding him ineligible for unemployment compensation benefits because his actions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1]  Only the Board's denial of Claimant's request for reconsideration is before us due to the fact that his "*pro se* letter evidencing an intent to appeal was filed on March 30,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

2016, which was more than thirty days after entry of the February 16, 2016 order, but within thirty days of the Board's denial of reconsideration." Commonwealth Court's August 17, 2016, Order at 1.[2] Pursuant to our order, therefore, we limited Claimant's "argument to whether the Board abused its discretion in denying reconsideration." *Id.* For the reasons that follow, we affirm.

By way of brief background, the UC Service Center found Claimant to be eligible for unemployment compensation benefits. At the subsequent hearing before the referee, Claimant failed to appear and only Employer Community Council Health Systems submitted evidence. Based on the testimony of Employer's witness, the referee concluded that Claimant's conduct violated Employer's conduct policy and was wanton and willful such that it fell below the standards of behavior that an employer could reasonably expect from its employees and, therefore, constituted willful misconduct. Accordingly, noting, (1) Claimant's nonappearance at the hearing, despite being duly notified of the date, time, and place; and (2) the absence of competent evidence in the record to establish good cause or justification for his violation of Employer's policies, the referee entered an order denying Claimant benefits.

Subsequently, Claimant filed an appeal of the referee's order, asserting, in pertinent part, as follows: "Dear Referee. I first would like to apologize for missing this very important hearing. I was thinking Tuesday January 4th and learned that Monday afternoon was the 4th[.]" Certified Record (C.R.),

---

[2] Accepting the Board's argument that its order on the merits was not before us, we nonetheless denied its application for summary relief. In limiting Claimant's argument to whether the Board abused its discretion in denying reconsideration, we cited *Muehleisen v. State Civil Service Commission*, 443 A.2d 867, 869 (Pa. Cmwlth. 1982), *aff'd*, 461 A.2d 615 (Pa. 1983), holding that, "the filing of a Petitioner for Reconsideration does not operate to extend the thirty day period for appeal of the original order."

Claimant's Petition for Appeal from the Referee's Decision, Item No. 10 at 2. The Board rejected Claimant's proffered explanation for failing to appear at the referee's hearing, affirming the referee's order on the merits and concluding as follows:

> The claimant's admitted mistake is not proper cause of his nonappearance at the referee's hearing. The . . . Board, after considering the entire record in this matter, concludes that the referee's decision was proper under the . . . Law. Therefore, the Board adopts and incorporates the referee's findings and conclusions and enters the following Order:
>
> The referee's order is affirmed.

February 16, 2016, Order of the Board at 1. In addition, the Board denied Claimant's subsequent request for reconsideration wherein he asserted that his absence at the referee's hearing was unintentional and requested a second chance to present his case. Claimant's appeal to this Court followed and, for the aforementioned reasons, we consider only the Board's order denying Claimant's request for reconsideration.

In reviewing a denial of a request for reconsideration, we are limited to determining whether the agency abused its discretion by not granting reconsideration. *J.B. Steven, Inc. v. Dep't of Transp.*, 627 A.2d 278, 280 (Pa. Cmwlth. 1993). Absent fraud, bad faith, capricious action or an abuse of power, this Court will not find an abuse of discretion. *Id*.

In support of his position that the Board should have granted his request for reconsideration, Claimant asserts that the Board failed to state a reason for its denial and, therefore, did not provide proper cause for its denial. Further, noting that hearings can be rescheduled and continued, Claimant takes umbrage with the Board's determination that his "single oversight concerning the hearing

3

scheduled on the first business day of the New Year is cause to deny him a due process right to a full hearing on the merits as to all the arguments concerning his claim." Claimant's Brief at 15. Claimant's position is without merit.

Contrary to Claimant's assertion, the Board did provide a reason for rejecting his request. It determined that his admitted misreading of the hearing notice did not constitute proper cause. As the Board observed in its brief to this Court, Claimant did not aver that the hearing notice was misleading or confusing. He merely maintained that he misread it. Upon inspection, the hearing notice in question is quite clear, in pertinent part, providing:

HEARING DATE & TIME
Monday
1/4/2016
10:45 AM
Eastern Time

C.R., December 21, 2015, Notice of Hearing, Item No. 7 at 1. The Board's failure to grant reconsideration under such circumstances does not constitute an abuse of discretion.

Accordingly, we affirm the Board's order denying Claimant's request for reconsideration.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendell C. Cheek,
           Petitioner

      v.

Unemployment Compensation
Board of Review,
           Respondent

:
:
:
:
:
:
:
:
:
:

No. 621 C.D. 2016

# **O R D E R**

AND NOW, this 28th day of February, 2017, the order of the Unemployment Compensation Board of Review denying the request for reconsideration of Petitioner, Wendell C. Cheek, is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge