# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric D. Eanone,                           :
                                          :
                     Petitioner           :
                                          :
          v.                              :  No. 562 C.D. 2017
                                          :  Submitted: November 9, 2017
Unemployment Compensation                 :
Board of Review,                          :
                                          :
                     Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED: January 3, 2018**


Eric D. Eanone (Claimant) petitions, *pro se*, for review of the April 27, 2017 final order of the Unemployment Compensation Board of Review (Board) denying Claimant's request for reconsideration of the Board's April 7, 2017 decision. By its April 7, 2017 decision, the Board reversed a Referee's determination of benefits eligibility and determined that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] For the reasons that follow, we affirm.                                .

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to willful misconduct connected to his or her work. *Id*.

Claimant was employed by T-Mobile USA, Inc. (Employer) from August 22, 2011 through October 5, 2016, as a full-time store manager. (Record (R.) Item 19, Board Decision and Order, Finding of Fact (F.F.) ¶1.) Claimant was discharged from his employment for leaving work early without notifying the district manager, in violation of Employer's policy. (F.F. ¶ 9.)

Claimant filed an initial claim with the Department of Labor and Industry. (R. Item 2, Internet Initial Claim). Claimant provided responses to a Claimant Questionnaire on October 24, 2016, in which he indicated that he last left work early on September 24, 2016, because he was told that his father was on his way to the hospital, and he did not follow Employer's policy because he did not know that he had to do so. (R. Item 4, Claimant Questionnaire.) Claimant also indicated that he would leave work one-half hour early at the most, because he did not take his lunch period. (*Id*.)

The Unemployment Compensation Service Center (Service Center) issued a determination on October 25, 2016 finding that Claimant had good cause for his actions and was not therefore ineligible for benefits under Section 402(e) of the Law. (R. Item 5, Notice of Determination.) Employer appealed and attached to its appeal (i) an email from Claimant's district manager to all retail store managers entitled "Review of Manager Schedule Expectations;" the email was dated July 19, 2016 and indicated that a response was required, and (ii) a responsive email from Claimant to his district manager dated July 20, 2016 acknowledging the July 19, 2016 email. (R. Item 6, Employer's Petition for Appeal from Determination w/Attachments.) The email from the district manager stated, *inter alia*, that "Store Managers must inform me if they will be late or leaving early, as assistant managers inform the store managers." (*Id*.) In addition, the email stated that, as one of the

"Retail Manager Scheduling Guidelines," scheduled shifts "must be a minimum of eight hours per day. Hours per day are labor hours worked and do not include the unpaid break or meal period." (*Id*.)

A Referee hearing was originally scheduled for December 6, 2016, but Employer requested and received a continuance, to December 28, 2016. (R. Item 10, Notices of Hearing w/Continuance Information.) On December 19, 2016, Employer again requested a continuance, stating that "the first[-]hand witness is on [paid time off] the day of the hearing and will not be available…" (*Id*.) The Referee denied Employer's request, and the hearing was held by telephone, with only Claimant participating. During the brief hearing, Claimant testified that his job performance had never been questioned and that his employment had been terminated because he left early on one of his scheduled shifts, and explained that in leaving early, "basically, I was just taking my lunch break that was given to me and that was it." (R. Item 11, 12/28/16 Referee's Hearing Transcript (H.T.) at 3.) In its November 9, 2016 decision, the Referee affirmed the decision of the Service Center, citing insufficient evidence in the record to meet Employer's burden of establishing that Claimant was discharged for willful misconduct. (R. Item 12, Referee's Decision/Order.)

Employer appealed, and requested a remand hearing to afford it the opportunity to present its case regarding Claimant's separation from employment. (R. Item 13, Employer Petition for Appeal from Referee's Decision/Order w/Attachments, Including Request for Remand Hearing.) On February 16, 2017, the Board directed the Referee to schedule a hearing to receive evidence on (i) Employer's reason for its nonappearance at the previous hearing, and (ii) the merits of the matter. (R. Item 16, Board's Remand Hearing Order.) On February 23, 2017,

3

the Referee sent the parties a notice setting the hearing date as March 9, 2017. (R. Item 17, Notice of Board Hearing – Remand.) Only Employer's tax consultant representative and the district manager appeared at the remand hearing. The Referee attempted, without success, to reach Claimant by telephone, and proceeded with the hearing. The district manager testified as to the reasons for his nonappearance at the initial hearing, indicating that he was out of state on paid time off and that there was no one else at Employer with first-hand knowledge of the situation who might have testified at that time. (R. Item 18, 3/9/17 Remand Hearing Transcript (Remand H.T.) at 2.) With respect to the merits, the district manager testified as to the specific scheduling guidelines issued to Claimant, as well as to a conversation with Claimant during which he clarified Employer's policy prohibiting employees from leaving a shift early without contacting the district manager. (*Id*. at 3-4.) The district manager further testified as to various incidents when Claimant left early without contacting him, offering into evidence time-stamped still images taken from videotapes showing Claimant leaving the store and emails from Claimant indicating he left the store at a time later than that indicated on the corresponding time-stamped image.[2] (*Id*. at 4-5, Exhibits.) The district manager clarified that Employer prohibited employees from leaving work early even if they worked through lunch, and offered into evidence the memorandum he sent to Claimant on July 19, 2016 setting forth Employer's policy, and Claimant's acknowledgment thereof. (*Id*. at 5, Exhibit.)

---

[2] Among the items offered into evidence was a text sent to Claimant by the district manager indicating that he had stopped into the store and discovered Claimant was not there, and Claimant's text response indicating that he "didn't take…lunch and left like 15/20 minutes earlier [and] must have just missed you." (Remand H.T. at 3-5; Exhibit 2.) In another text, Claimant responded to a 4:18 pm text message from the district manager that he was at the store and had been told by Claimant's team that Claimant had left for the day by texting, "Doc cancelled five seconds ago so heading back." (Remand H.T. Exhibit 2.)

On April 7, 2017, the Board issued its Decision and Order, reversing the Referee and denying benefits. (R. Item 19, Board's Decision and Order.) The Board made specific findings of fact as to dates on which Claimant left work without notifying the district manager. (*Id*., F.F. ¶¶ 3, 5-7.) The Board also found both that Claimant knew he was required to notify the district manager if he would arrive late or leave early and that the district manager had reminded Claimant of this requirement. (*Id*., F.F. ¶¶ 2, 4.)

On April 20, 2017, Claimant requested reconsideration of the Board's Decision and Order, and on April 27, 2017, the Board denied the request for reconsideration and determined its April 7, 2017 decision to be final. (R. Item 20, Claimant's Request for Reconsideration w/Board Acknowledgement; R. Item 21, Ruling on Request for Reconsideration of Board Decision.) Claimant appealed to this Court.[3]

Before this Court,[4] Claimant asserts that proper cause exists for his absence at the remand hearing, and he is therefore entitled to another hearing. He

---

[3] Claimant's petition for review states only that he is appealing the Board's April 7, 2017 decision and order denying unemployment compensation benefits; however, he filed the petition after the Board's April 27, 2017 order that both denied his request for reconsideration and determined its April 7, 2016 decision and order to be final.

[4] This Court's review of the Board's decision is set forth in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, which provides that the Court shall affirm unless it determines that the adjudication is in violation of the claimant's constitutional rights, that it is not in accordance with law, that provisions relating to practice and procedure of the Board have been violated, or that any necessary findings of fact are not supported by substantial evidence. *See Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 710 n.4 (Pa. Cmwlth. 2013). In reviewing a denial of a request for reconsideration, we are limited to determining whether the agency abused its discretion by not granting reconsideration. *J.B. Steven, Inc. v. Dep't of Transp.*, 627 A.2d 278, 280 (Pa. Cmwlth. 1993). Absent fraud, bad faith, capricious action or an abuse of power, this Court will not find an abuse of discretion. *Id.*

claims that immediately upon receipt of the Board Hearing Order notifying him that a remand hearing would be scheduled, he contacted the "local office of the Referee" and explained that he had a previously scheduled, upcoming two-week vacation. (Claimant's Brief at 9.) Claimant does not offer any information as to the dates of his vacation, but further asserts that because the hearing date had not yet been scheduled, he informed the local office once again immediately prior to leaving on vacation that he would be away. Claimant states that upon his return he found the notice of hearing, scheduled for that very morning, in his mail, and because the hearing had already occurred, he immediately contacted the local office to advise that he had been out of the country.[5]

Claimant further argues that his early departure from work did not constitute willful misconduct and given the opportunity, he will present supporting witnesses and documentation including company email, calendar requests, and phone records to "corroborate several dates [he] either [left early] or was absent with documented permission.[6] (Claimant's Brief at 10.)

---

[5] The Board Hearing Order was mailed on February 16, 2017 (R. Item 16); the Notice of Board Hearing – Remand, setting the March 9, 2017 remand hearing date, was mailed on February 23, 2017 (R. Item 17).

[6] In unemployment compensation cases, the burden of proving willful misconduct falls on the employer. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997); *Scott v. Unemployment Compensation Board of Review*, 36 A.3d 643, 647 (Pa. Cmwlth. 2012). Willful misconduct is defined by the courts as (i) an act of wanton or willful disregard of the employer's interest; (ii) a deliberate violation of the employer's rules; (iii) a disregard of standards of behavior which the employer has a right to expect of an employee; or (iv) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Caterpillar*, 703 A.2d at 456; *Scott*, 36 A.3d at 647. Where a violation of the employer's work rule is alleged to be the basis for termination of employment, the employer must show that the rule existed, that the rule was reasonable and that the claimant was aware of the rule and violated it. *Williams v. Unemployment Compensation Board of Review*, 926 A.2d 568, 571 (Pa. Cmwlth. 2007). If the employer makes its showing, the burden shifts to

Initially, we are not persuaded that Claimant has established proper cause for his absence at the remand hearing. Before this Court, Claimant fails to identify any evidence in the record to support his contention that he contacted the Department of Labor and Industry either before or after leaving on his vacation. Although Claimant initially asserted in his request for reconsideration that he called the Board once before he left on vacation to make sure the remand hearing had not yet been scheduled, he asserts in his brief that he contacted not the Board but the Referee, three times: once when he received notice of the remand Hearing Order, again just prior to leaving on his vacation, and a third time when he returned and discovered the notice of remand hearing date. However, the record is devoid of evidence of contact from Claimant in the six-week period between the date the Board's Hearing Order was mailed, on February 16, 2017, and the date of issuance of the Board's Decision and Order, April 7, 2017. He did not request a continuance, despite his knowledge that there was a potential conflict between his travel plans and the forthcoming remand hearing.

Furthermore, even if Claimant had established proper cause for his failure to appear at the remand hearing, the evidence he asserts he would present could not alter the determination that, by his own admission, he left work early without notifying his district manager, in violation of Employer's policy. The record clearly reflects that Claimant testified before the Referee at the initial hearing that he understood that his employment had been terminated because he left early on one of his shifts. (H.T. at 3.) His explanation for doing so was that he was simply taking his lunch break time. (*Id*.) Likewise, on the Claimant Questionnaire, he admitted

---

the claimant to show good cause for his conduct. *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 719 (Pa. Cmwlth. 2013); *ATM Corporation of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 865 (Pa. Cmwlth. 2006).

that he would leave one-half hour early at most, because he did not take his lunch break time; he also stated that he left early on a specific date without calling his district manager because he didn't know that he was required to do so. (R. Item 4, Claimant Questionnaire.) Employer's documentary evidence of its policy and Claimant's acknowledgment established that Claimant knew that his admitted actions violated Employer's policy.

In sum, there is substantial evidence to establish that Claimant knew of Employer's policy that employees were prohibited from leaving work early without notifying a district manager, and knew of Employer's policy specifically prohibiting the shortening of the required eight-hour shift by invoking an unpaid lunchtime period but did so nevertheless.

Accordingly, the order of the Board is affirmed.


_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric D. Eanone,                                        :
                                                       :
                   Petitioner                          :
                                                       :
          v.                                           :   No. 562 C.D. 2017
                                                       :
Unemployment Compensation                              :
Board of Review,                                       :
                                                       :
                   Respondent                          :

## ORDER

AND NOW, this 3rd day of January, 2018, the April 7, 2017 and April 27, 2017 Orders of the Unemployment Compensation Board of Review in the above-captioned matter are hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**