# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy J. Snell,                                     :
                              Petitioner          :
                                                  :
              v.                                  :
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :        No. 109 C.D. 2019
                              Respondent          :        Submitted: May 17, 2019

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED:  August 8, 2019

Amy J. Snell (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 31, 2018 order affirming the Referee's decision denying Claimant UC benefits under Sections 401(d)(1) and 402(b) of the UC Law (Law).[1]  Essentially, the issues before this Court are whether the UCBR erred by concluding that Claimant is ineligible for UC benefits under Sections 401(d)(1) and 402(b) of the Law, and by denying Claimant's reconsideration request (Reconsideration Request).[2]  After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1) (referring to ability and availability for suitable work), 43 P.S. § 802(b) (referring to voluntarily leaving work without a necessitous and compelling reason).

[2] Claimant lists four issues in her Statement of the Questions Involved in her brief to this Court.  The first three listed issues pertain exclusively to whether Claimant had a necessitous and compelling reason to terminate her employment and whether she was able and available for work. *See* Claimant Br. at 5-6.  The fourth issue refers to her nonappearance at the remand hearing, which was the subject of Claimant's Reconsideration Request, and which the UCBR had not yet ruled upon at the time of Claimant's appeal to this Court.  *See* Claimant Br. at 7.  For clarity and ease of reference, the Court has reframed Claimant's enumerated issues which are subsumed therein.

Claimant was employed full-time as a Medical Management Nurse II by Capital Blue Cross (Employer) until July 6, 2018, when she voluntarily terminated her employment to care for her husband. Claimant applied for UC benefits and stated in her UC application that her husband had suffered strokes, was permanently disabled, and required 24-hour care.[3] *See* Certified Record (C.R.) Item 2, Internet Initial Claims at 3. Claimant also explained therein that, prior to terminating her employment, she discussed modifying her schedule with Employer so she could transport her husband to his scheduled therapy appointments, but Claimant and Employer could not reach a workable solution. *See id*.

On September 13, 2018, the Altoona UC Service Center issued a determination (Determination) denying Claimant UC benefits because, although she was eligible for UC benefits under Section 402(b) of the Law, she was ineligible under Section 401(d)(1) of the Law. Claimant timely appealed. On September 28, 2018, a notice scheduling a Referee hearing for October 12, 2018 (Initial Hearing Notice) was sent to Claimant at her home address. Neither the Claimant nor Employer appeared at the October 12, 2018 hearing (Initial Hearing).[4] Because there was no record evidence that Claimant terminated her employment for a necessitous and compelling reason, and that Claimant was able and available to work, the Referee reversed the Determination to the extent the UC Service Center found that Claimant was eligible for UC benefits under Section 402(b) of the Law, and affirmed the Determination finding Claimant ineligible under Section 401(d)(1) of the Law (Decision).

---

[3] Claimant further responded that she was not able to work because "I am needed to care for my husband who is permanently disabled and requires 24 hour supervision/care[,]" and she was not available for work because "I am the primary caregiver to my permanently disabled husband status post [sic] two strokes on 4/3/18[.]" C.R. Item 2, Internet Initial Claims at 5.

[4] On October 3, 2018, Employer notified the Referee that it would not participate in the hearing.

On October 19, 2018, Claimant appealed to the UCBR, alleging she had not received the Initial Hearing Notice, and requested her case be reopened and a new hearing be held (October 19, 2018 Appeal Petition). On November 7, 2018, the UCBR ordered that a hearing be held to receive testimony and evidence relative to Claimant's reason for not appearing at the Initial Hearing and regarding the merits of her UC eligibiltiy (Remand Hearing). On November 15, 2018, the UCBR mailed the Remand Hearing notice to Claimant at her home address (Remand Hearing Notice). Again, neither the Claimant nor Employer appeared at the November 28, 2018 Remand Hearing.[5] On December 31, 2018, the UCBR affirmed the Referee's Decision (December 31, 2018 Order) because Claimant did not appear at the Remand Hearing and, thus, failed to demonstrate that she had proper cause for not attending the Initial Hearing.

On January 5, 2019, Claimant filed her Reconsideration Request with the UCBR (Reconsideration Request), claiming she did not receive the Remand Hearing Notice until the scheduled Remand Hearing date because her mail carrier routinely delivered her mail to the incorrect mailbox. On January 22, 2019, Claimant appealed from the UCBR's Order to this Court.[6] By January 30, 2019 order, the UCBR denied Claimant's Reconsideration Request. *See* C.R. Item 22, Ruling on Reconsideration Request.

In her brief to this Court, Claimant explains that she was unable to attend the hearings because she did not receive notice. Further, she asserts that she is eligible for UC benefits because she is able and available to work and had a

---

[5] On November 20, 2018, Employer notified the Referee that it would not participate in the Remand Hearing.

[6] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

necessitous and compelling reason to terminate her employment, given her husband's medical condition and her unsuccessful attempt to work with Employer to modify her position and schedule to enable her to continue to work and care for her husband's needs.

Claimant admits in her brief that she received the Remand Hearing Notice on November 28, 2018, the same day as the Remand Hearing. Notwithstanding, Claimant did not contact the UCBR about the missed hearing or request another hearing until January 5, 2019, 38 days after the Remand Hearing and five days after the UCBR issued its December 31, 2018 Order affirming the Determination. Therefore, the UCBR contends that Claimant failed to comply with Section 101.24(a) of the UCBR's Regulations, which pertains to the reopening of hearings and states, in relevant part: "If a party who did not attend a scheduled hearing subsequently gives written notice, which is **received by the tribunal prior to the release of a decision**, and it is determined by the tribunal that h[er] failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened." 34 Pa. Code § 101.24(a) (emphasis added).

However, Claimant's delay did not foreclose her right to request that the hearing be reopened. Section 101.24(d) of the UCBR's Regulations provides in pertinent part:

> If a request for reopening is not received before the decision was mailed **but is received or postmarked within 15 days after the decision of the [UCBR]** was mailed to the parties, **it will be accepted as a request for reconsideration and a reopening of the hearing** and the [UCBR] will rule upon the request.

34 Pa. Code § 101.24(d) (emphasis added).[7]

---

[7] Similarly, Section 101.111 of the UCBR's Regulations (pertaining to UCBR reconsideration) specifies:

In the instant matter, in accordance with Section 101.24(d) of the UCBR's Regulations, on January 5, 2019, within 15 days of the UCBR mailing its December 31, 2018 Order, Claimant asked the UCBR to reopen the hearing. As in her first request following the Initial Hearing, Claimant alleged in her Reconsideration Request that she missed the Remand Hearing because she had not received notice thereof. Pursuant to Section 101.24(d) of the UCBR's Regulations, the UCBR "accepted [Claimant's request] as a request for reconsideration and a reopening of the hearing . . . ." 34 Pa. Code. § 101.24(d).

This Court's scope of review of an agency's denial of a reconsideration request is whether the agency abused its discretion. *J.B. Steven, Inc. v. Dep't of Transp.*, 627 A.2d 278 (Pa. Cmwlth. 1993). This Court has explained that "[a]n abuse of discretion occurs if, in reaching a conclusion, the law is overridden or misapplied or judgment exercised is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. An abuse of discretion is not merely an error of

---

(a) Within 15 days after the issuance of the decision of the [UCBR], as may be determined by the provisions of [Section] 101.102 [of the UCBR's Regulations, 34 Pa. Code § 101.102] (relating to form and filing of application for further appeal from decision of referee), any aggrieved party may request the [UCBR] to reconsider its decision and if allowed, to grant further the opportunity to do the following:

    (1) Offer additional evidence at another hearing.

    (2) Submit written or oral argument.

    (3) Request the [UCBR] to reconsider the previously established record of evidence.

(b) The requests will be granted only for good cause in the interest of justice without prejudice to any party. The parties will be notified of the ruling of the [UCBR] on each such request. **The request for reconsideration and the ruling of the [UCBR] shall be made a part of the record and subject to review in connection with any further appeal to the Commonwealth Court.**

34 Pa. Code § 101.111 (emphasis added).

judgment." *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 713 (Pa. Cmwlth. 2013) (citation omitted).

> In its brief to this Court, the UCBR states:
>
>> In her brief to the Court, Claimant asserts that she had difficulty receiving mail at her residence, and that she did not receive notice of the remand hearing until the date of the hearing. (Claimant's Br. at 11, 12) Notably, however, Claimant made no effort to contact the [UCBR] between the November 28, 2018, hearing and issuance of the [UCBR's] December 31, 2018, order to report that she allegedly did not receive notice.

UCBR Br. at 7-8. As evidenced by the fact that Claimant emailed her appeal from the Referee's decision within three days of the mailing date, Claimant was well aware of the significance of the timeliness of her appeal.[8] Notwithstanding, knowing that the UCBR would have no reason to reverse the Referee's decision if she did not appear, Claimant did not notify the UCBR of her allegedly untimely receipt of her hearing notice until a full 38 days after she received the Remand Hearing Notice. Because Claimant waited until after the UCBR issued its order (*i.e.*, over a month after she received the Remand Hearing Notice) to request that her hearing be reopened, this Court is constrained to conclude that the UCBR did not abuse its discretion by denying Claimant's Reconsideration Request.[9]

---

[8] Further, Claimant's appeal from the Determination was received by the UCBR 2 days after the Determination's mailing date; Claimant emailed her Reconsideration Request within 5 days of the mailing date of the UCBR's December 31, 2018 Order (one of those days being a holiday); and Claimant mailed her appeal to this Court within 7 days of the mailing date of the UCBR's letter, stating that, although it received her Reconsideration Request, Claimant still had the right to appeal to this Court.

This Court finds it interesting that the only correspondence Claimant allegedly either did not receive or received untimely were the two hearing notices.

[9] Because Claimant did not appear at either hearing, the UCBR properly concluded that Claimant did not meet her burden of proving her eligibility for UC benefits.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amy J. Snell,                            :
             Petitioner            :
                                 :
             v.                      :
                                 :
Unemployment Compensation        :
Board of Review,                    :           No. 109 C.D. 2019
             Respondent       :

## O R D E R

AND NOW, this 8th day of August, 2019, the Unemployment Compensation Board of Review's December 31, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge